IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA      :

v.      :      Criminal No. ELH-19-0533

WILLIAM ROBINSON      :

## **MEMORANDUM AND ORDER**

William Robinson was indicted on November 13, 2019 and charged with one count of being a felon in possession of a firearm in violation of 18 U.S.C. 922(g). ECF 9. If found to be an Armed Career Criminal, Defendant faces a mandatory fifteen years to life imprisonment. Otherwise the statute authorizes a maximum penalty of ten years incarceration. Defendant initially was presented on a Complaint (ECF 1) and the Court conducted a detention hearing on November 4, 2019. ECF 7. The Court entered an order of detention on that date, finding by clear and convincing evidence that there were no conditions or combination of conditions that would assure the presence of defendant at trial or the safety of the community. ECF 8. At the hearing the Court made findings of fact on the record and supplemented those with findings of additional reasons for detention in writing.

Defendant has now filed a Motion for Reconsideration relying upon the COVID-19 pandemic as changed circumstances for the Court to review. ECF 24. The government has responded, opposing release. ECF 25. The parties have fully briefed the issues and there is no need for a hearing. Local Rule 105.6. For the reasons set forth below, the motion is DENIED.

The Defendant does not challenge the Order of detention based upon the previous factors set forth in 3142(g) nor the Court's analysis of the danger the Defendant poses to the public. Instead the Defendant alleges that the current outbreak of COVID-19 and positive tests of specific detainees at the DC jail, where he is housed, demonstrate that Defendant is himself at a higher risk of infection while detained. The Defendant alleges no specific facts or medical information but has

filed this boilerplate motion for release based upon the greater risk of exposure and contraction of COVID-19 for persons in detention facilities.

Defendant offers the alternative of home confinement with his wife to safeguard his health. Notably the Defendant offers no information regarding the conditions where he proposes to reside, for example, what size is the residence, how many people reside there, do any of the other residents have compromising medical conditions, or how can isolation or social distancing be accomplished.

This Court will treat the motion as a motion for reconsideration due to the changed circumstances of the COVID-19 outbreak. 18 U.S.C. 3142(f). My decision is an individualized assessment as to this Defendant and pursuant to the motion and response, the record in this case and the arguments contained therein.

There is no new evidence presented to this Court that rebuts the presumption for detention of this Defendant nor ensures the safety of the community. I fully incorporate my findings on the record at the detention hearing of November 4, 2019, and my written order of that date.

The Defendant was arrested after a search warrant was executed at his residence and investigators recovered over a kilogram of cocaine and cocaine base and $74,000 in the room of Defendant's stepson. Investigators recovered three firearms, specifically a Zastava 7.62 rifle, a Taurus .357 magnum and a Hi Point .45 caliber handgun. Ammunition for all three firearms was also seized. Defendant had directed investigators to the firearms as the warrant was being executed. Defendant was captured on jail calls admitting to knowingly possessing the firearms and using them to protect his house.

In light of these facts and Defendant's criminal history consisting of violent offenses of second degree assault, two prior robbery convictions, two prior drug felony convictions and four drug possession charges with some of the charges resulting in violations of probation or release, all of the 3142(g) factors required detention. I have stated in writing and on the record, in this Court's experience there is no greater danger to the community than armed drug traffickers. Baltimore had 348 homicides last year and the surrounding counties suffered increases in homicides, many of

which were drug related. During this pandemic outbreak, there have been triple and quadruple shootings in Baltimore as well as individual homicides. The pandemic event has not abated gun crime. Defendant does not challenge the clear and convincing evidence that he poses a threat to public safety.

In evaluating the COVID-19 change of circumstances, I incorporate other decisions of this Court, (*United States v. Martin,* 2020 WL 127857 (D.Md. March 17, 2020)) and its progeny of Orders, and most recently *United States v. Malik Gibson-Bey,* RDB 19-563. I fully adopt the reasonings and rulings of those Opinions and incorporate them into this Memorandum and Order as to William Robinson.

In weighing the evidence presented by the government as to the response of CTF to the COVID-19 outbreak, I find that releasing Defendant to home detention with Pretrial Supervision by clear and convincing evidence does not ensure the safety of the public. This is especially true in this case, since Defendant requests release to the residence where the crime occurred. The new circumstances of COVID -19 are but one factor to consider. I have fully considered the impact of COVID-19. The generalized risk factors Defendant presents do not outweigh the factors I have previously found requiring his continued detention. Defendant only alleges he is at a higher risk of infection due to his presence at a detention facility.

As to home detention, I have been advised by Probation and Pretrial Services that traditional location monitoring is no longer available due to the risks to pretrial services personnel. Even if those conditions existed, this Defendant, a person convicted of violent offenses and an extensive criminal history is not a candidate for home detention.

Accordingly, the motion (ECF 24) is DENIED. So Ordered this 2nd day of April, 2020.

/s/
A. David Copperthite
United States Magistrate Judge